UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

| | |
|---|---|
| In re: ) | Case No. 12-20666-dob |
| ) | |
| Community Memorial Hospital, dba ) | Chapter 11 |
| Cheboygan Memorial Hospital, ) | |
| a Michigan nonprofit corporation ) | Adversary Proceeding No. _____ |
| ) | |
| Debtor ) | |
| ) | |
| ) | |
| Official Committee of Unsecured Creditors ) | |
| For the Bankruptcy Estate of Cheboygan ) | |
| Memorial Hospital ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| DTE Energy Company ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

NOW COMES The Official Committee of Unsecured Creditors and states the following by way of Complaint against DTE Energy Company (the "Defendant"):

1. This Adversary Proceeding relates to and arises under the case of *In Re Community Memorial Hospital, dba Cheboygan Memorial Hospital, a Michigan nonprofit corporation,* Case No. 12-20666, commenced on March 1, 2012 (the "Petition Date") by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Code"), in the United States Bankruptcy Court for the Eastern District of Michigan.

2. On March 7, 2012, the Committee was appointed.

3. On March 30, 2012, a Sale Order was entered by the Court authorizing the Committee to prosecute and recover transfers made to creditors of the Debtor within ninety (90) days prior to the filing of the bankruptcy petition pursuant to 11 U.S.C. §§ 547 and 550.

4. This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1334 and 157, as well as E.D. Mich. L.R. 83.50(a) ("Bankruptcy Cases and Proceedings").

5. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The instant matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (F). The statutory predicates for the relief sought herein are §§ 502, 547, and 550 of the Code.

## COUNT I

### Avoidance and Recovery of Preferential Payments
### Pursuant to §§ 547 and 550

6. The Defendant is a company that supplied pre-petition goods and/or services to the Debtor.

7. According to the Debtor's records, during the 90 days preceding the Petition Date, the Defendant received the Transfers identified on <u>Exhibit A</u> from the Debtor (the "Transfers").

8. The Transfers constituted transfers of interests in the Debtor's property, and were made to or for the benefit of the Defendant, a creditor of the Debtor.

9. The Transfers were made for or on account of an antecedent debt owed by the Debtor before such transfers were made.

10. The Transfers were made while the Debtor was insolvent.

11. As a result of the Transfers, the Defendant received more than it would have received if the transfers had not been made, and if the Defendant had received payments of the antecedent debt under the provisions of Chapter 7 of the Code.

12. In light of the foregoing, the Transfers are subject to avoidance pursuant to § 547 of the Code and may be recovered by the Plaintiff pursuant to § 550 of the Code.

WHEREFORE, the Plaintiff prays that this Court:

(A) Enter an order providing for the avoidance of the Transfers, pursuant to § 547 of the Code and recovery for the benefit of the Debtor's bankruptcy estate pursuant to § 550 of the Code;

(B) Enter a judgment in favor of the Plaintiff and against the Defendant in the amount of $8,473.16, together with costs and attorney's fees incurred by the Plaintiff in connection with this action; and

(C) Order such other and further relief as the Court deems just and equitable.

## COUNT II

### Claim Disallowance Pursuant to Section 502(d)

13. The Plaintiff incorporates by reference paragraphs 1-12 above as if fully set forth herein.

14. The Defendant may have claims against the Debtor's estate.

15. Because the Defendant has received voidable payments as described in Count I, above, no claim of the Defendant is allowable under § 502(d) of the Code.

WHEREFORE, the Plaintiff prays that this Court:

(A) Enter an order disallowing any claim of Defendant in the Chapter 11 proceeding, until such time as the transfers recoverable pursuant to § 550 are recovered.

(B) Order such other and further relief as the Court deems just and equitable.

Respectfully submitted,

VARNUM
Counsel for Plaintiff

Dated: January 8, 2013          By:   /s/ Stephen F. MacGuidwin
                Mary Kay Shaver (P60411)
                Stephen F. MacGuidwin (P72302)
Business Address:
    333 Bridge, N. W., Ste. 1700
    Bridgewater Building
    P. O. Box 352
    Grand Rapids  MI  49501-0352
Telephone:  (616) 336-6000
E-Mail:  mkshaver@varnumlaw.com
        sfmacguidwin@varnumlaw.com

5764632_1.DOCX